UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KARA CRUIKSHANK,

    Plaintiff,

  v.

BERNE TOWNSHIP, *et al.*,

    Defendants.

:

:

Case No. 2:24-cv-1664
Chief Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on the Motion to Sever Plaintiff's Claims into Separate Actions (Mot., ECF No. 14) filed by Defendants Berne Township and Pleasant Township. Plaintiff Kara Cruikshank responded (Resp., ECF No. 15), and Defendants filed a reply (Reply, ECF No. 16). The Motion is fully briefed and ripe for consideration. For the reasons set forth below, the Motion is **GRANTED**.

**I.    BACKGROUND**

Ms. Cruikshank was employed as a firefighter and EMT by Berne Township Fire Department ("BTFD") and Pleasant Township Fire Department ("PTFD"). (Compl., ECF No. 1, ¶¶ 1, 10–12.) In 2022, she worked an average of 32 hours per week at BTFD and 24 hours per week at PTFD. (*Id.*, ¶ 17.) She generally completed her job duties satisfactorily at both departments and had no remarkable record of discipline. (*Id.*, ¶¶ 13–14.)

Ms. Cruikshank became pregnant sometime in late 2022. (Compl., ¶ 18.) She timely informed her supervisors at BTFD and PTFD about her pregnancy. (*Id.*,

¶¶ 21, 49.) Shortly thereafter, her attending physician placed her on a lifting restriction. (*Id.* ¶ 19.)

Ms. Cruikshank alleges that both Defendants began discriminatory treatment toward her shortly after learning she was pregnant. (Compl., ¶ 20.) At PTFD, Ms. Cruikshank was instructed by her supervisors to look for a new job or request medical leave. (*Id.*, ¶¶ 21–22.) She submitted a medical leave request but was asked to provide paperwork from her doctor. (*Id.*, ¶ 23.) Upon receipt of her paperwork, PTFD placed her on unpaid medical leave. (*Id.*, ¶ 28.) PTFD did not offer her any light duty assignments, despite the fact that other employees had been granted such accommodations in the past. (*Id.*, ¶¶ 34, 43.)

At BTFD, Ms. Cruikshank was initially assigned to a driving position as an accommodation. (Compl., ¶ 50.) However, after BTFD Chief Dennis Primmer met with PTFD Chief Mike Hutton and learned about her medical leave from PTFD, Ms. Cruikshank was removed from the BTFD roster pending her provision of medical clearance from her treating physician and was eventually terminated. (*Id.*, ¶¶ 57–59, 70, 73, 79.) After delivering her child in May 2023, Ms. Cruikshank applied for rehire at BTFD. (*Id.*, ¶ 83.) Although she was rehired, she alleges that she experienced hostility and open retaliation upon her return, including a decrease in the hours she was scheduled to work. (*Id.*, ¶¶ 85–89.) As a result, she resigned from BTFD in November 2023. (*Id.*, ¶ 89.)

Ms. Cruikshank commenced this action against Defendants in April 2024, alleging claims under Title VII of the Civil Rights Act of 1964 (including the

2

Pregnancy Discrimination Act of 1978) and Ohio common law. (Compl., ¶¶ 90–105.) Defendants now seek to sever the claims against them. (Mot., PAGEID # 59.)

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 20 permits multiple entities to be joined in one action as defendants as long as "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)–(B). Nevertheless, pursuant to Federal Rule of Civil Procedure 21, "[o]n motion or on its own, the [C]ourt may … sever any claim against a party." Fed. R. Civ. P. 21. "The permissive language of Rule 21 permits the district court broad discretion in determining whether or not actions should be severed." *Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018) (citation omitted). It is appropriate to address potential misjoinder of parties at an early stage of the case. *See Monda v. Wal-Mart, Inc.*, No. 3:19-CV-155, 2019 WL 7020427, at *2 (S.D. Ohio Dec. 20, 2019) (Rose, J.).

## III.  ANALYSIS

Courts consider a number of factors when determining whether to sever claims, including:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for separate claims.

3

*Parchman*, 896 F.3d at 733 (citation omitted). Defendants argue that these factors weigh in favor of severing Ms. Cruikshank's claims against them as improperly joined. (Mot., PAGEID # 62.) The Court addresses each factor in turn below.

### A.  Same Transaction of Occurrence

In the Sixth Circuit, the words "transaction or occurrence" are to be given "broad and liberal interpretation in order to avoid a multiplicity of suits." *LASA Per L'Industria Del Marmo Soceita Per Azioni of Lasa, Italy v. Alexander*, 414 F.2d 143, 147 (6th Cir. 1969). To determine whether claims arise out of the same transaction or occurrence, courts evaluate whether there is a logical relationship between the claims. *Id.* at 147 (citing *Moore v. N.Y. Cotton Exchange*, 270 U.S. 593, 610 (1926)); *see also DIRECTV, Inc. v. Collins*, 244 F.R.D. 408, 410 (S.D. Ohio 2007) (Rice, J.) (citation omitted) ("[A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence."). "If the same issues of fact would determine both claims, they arise out of the same transaction or occurrence, but if the proof of one claim would have no connection with the proof of the other, the claims do not arise out of the same transaction or occurrence." *Alexander*, 414 F.2d at 151; *see also Shina v. State Farm Fire & Cas. Co.*, No. 20-10080, 2021 WL 391419, at *6 (E.D. Mich. Feb. 4, 2021) (citation omitted) ("The logical relationship test is satisfied if there is substantial evidentiary overlap in the facts giving rise to the cause of action against each

4

defendant."). This factor is "is typically thornier," "often difficult to apply, and requires a case-by-case analysis." *DIRECTV, Inc.*, 244 F.R.D. at 410.

In this case, Ms. Cruikshank alleges discriminatory treatment on the part of two different actors at different times and different locations. She received different accommodations at PTFD (i.e., medical leave rather than a light duty assignment) than at BTFD (i.e., assignment to a driving position). Defendants also contend that they had different reasons underlying their conduct with respect to Ms. Cruikshank. (Mot., PAGEID # 64.) Other than the allegations surrounding the meeting between the BTFD Chief and the PTFD Chief, there is no indication that Defendants acted in concert with each other. Even construing the transactional relatedness element liberally, these issues undermine the existence of a logical relationship between the claims against Defendants.

Because of this, and because Ms. Cruikshank has not asserted an affirmative argument as to this factor or responded to Defendants' arguments, this factor weighs in favor of severance of her claims.

### B. Common Questions of Law or Fact

Looking to the second factor, the "common question" rule does not require that common questions of law or fact predominate—rather, the claims must involve the same or closely related factual and legal issues. *Allstate Ins. Co. v. Electrolux Home Prod., Inc.,* No. 1:16CV1946, 2016 WL 6995271, at *3 (N.D. Ohio Nov. 30, 2016) (citation omitted).

5

Ms. Cruikshank argues that the allegations in this case involve common legal theories under Title VII and Ohio law and are based on the same set of operative facts, "namely [her] pregnancy and subsequent medical restrictions." (Resp., PAGEID # 72.) But "[t]he fact that there is a common theme" or "similar issues of liability" is not sufficient to support joinder. *Wood v. Chambers Smith*, No. 2:24-CV-165, 2024 WL 2292020, at *11 (S.D. Ohio May 21, 2024) (Gentry, M.J.); *Monda*, 2019 WL 7020427, at *4. The legal and factual inquiry into whether Ms. Cruikshank experienced unlawful discrimination by two different entities in two different workplaces is not common to both Defendants.

The cases Ms. Cruikshank cites to the contrary are unavailing. (Resp., PAGEID # 72 (citing *Guild Assocs., Inc. v. Bio-Energy (Washington), LLC*, 309 F.R.D. 436 (S.D. Ohio 2015) (Marbley, J.), and *Norris v. Cincinnati Bell Tel. Co.*, No. CIV.A. C-1-02-183, 2002 WL 31556519 (S.D. Ohio Oct. 24, 2002) (Sherman, M.J.)).) Initially, both cases analyze the propriety of consolidation under Federal Rule of Civil Procedure 42, not whether joinder is improper under Rule 20 and Rule 21. *Guild*, 309 F.R.D. at 440; *Norris*, 2002 WL 31556519, at *1. Additionally, the *Guild* court did not find that common questions of law or fact existed but rather deferred its decision as to consolidation pending discovery. *Guild*, 309 F.R.D. at 441. And though the *Norris* court granted consolidation, it involved two cases brought by the same plaintiff against the same defendants (a parent company and its subsidiary) arising from the same termination event. *Norris*, 2002 WL 31556519, at *1.

6

Ms. Cruikshank has not shown the existence of common questions of law or fact beyond merely a common legal theme. This factor thus weighs in favor of severing her claims.

### C. Facilitation of the Settlement of the Claims or Judicial Economy

In this case, judicial economy makes severance appropriate. Joinder is not proper when "the claims against each defendant are likely to turn on individual defenses." *Cook Prods., LLC v. Clarke*, No. 2:16-CV-1192, 2018 WL 11356690, at *5 (S.D. Ohio Mar. 13, 2018) (Watson, J.). Here, Ms. Cruikshank must meet the elements of her federal and state-law claims as to each Defendant individually, and each Defendant will have the burden of articulating any affirmative defenses. In addition, Ms. Cruikshank does not argue that severing her claims into two separate actions would hinder settlement discussions. The Court, therefore, declines to find that this factor weighs in favor of severance.

### D. Avoidance of Prejudice

Rule 21 requires the Court to consider whether Defendants will be unduly prejudiced by not severing Ms. Cruikshank's claims. *TERA II, LLC v. Rice Drilling D, LLC*, No. 2:19-CV-02221, 2024 WL 149234, at *1 (S.D. Ohio Jan. 12, 2024) (Marbley, J.), *opinion clarified*, 2024 WL 248889 (S.D. Ohio Jan. 22, 2024) (Marbley, J.). As previously explained, Ms. Cruikshank's claims against BTFD are factually and legally separate from her claims against PTFD. The Court is persuaded by Defendants' argument that a jury could believe that evidence of alleged wrongdoing by one Defendant compels a finding of wrongdoing by the other Defendant, thereby

7

creating prejudice. (Mot., PAGEID # 68.) Such an exercise in compartmentalization would be unnecessarily confusing to the point of unfairness.

As Ms. Cruikshank correctly observes, courts often find that the risk of confusion is outweighed by the benefits of a single trial where there are overlapping issues. (Resp., PAGEID # 73.) But that is not the case here. Beyond the fact that she was pregnant, Ms. Cruikshank has not pointed to any overlapping issues sufficient to defeat severance.

### E. Different Witnesses and Documentary Proof

Finally, resolution of this case will eventually require different witnesses and documentary proof. Defendants argue that they will advance separate affirmative defenses (Mot., PAGEID # 66), and discovery will entail review of separate materials produced by separate fire departments. *Cf. Allstate*, 2016 WL 6995271, at *4 (finding joinder appropriate in part because "there will likely be significant overlap between the discovery"). This factor, like the rest, weighs in favor of severance.

\*     \*     \*

Considering the five factors together, the Court finds that they heavily support severing Ms. Cruikshank's claims against Defendants into separate actions. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action."). Accordingly, the Court finds that Ms. Cruikshank has misjoined parties under Rule 20 and Rule 21.

8

## IV. CONCLUSION

For the reasons set forth herein, Defendants' Motion to Sever (ECF No. 14) is **GRANTED**. The Clerk is **DIRECTED** to (1) assign a new individual case number for Defendant Berne Township and retain the current case number for Defendant Pleasant Township; (2) mark the new case as related to the original action and assign it to the Undersigned and Magistrate Judge Kimberly A. Jolson; and (3) copy and transfer all filings from the original action to the docket for the new case. If Ms. Cruikshank chooses to pursue her claims against Defendant Berne Township in this new action, she must pay the requisite filing fee within fourteen (14) days of this Order. Failure to do so may result in dismissal of that case for failure to prosecute.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**CHIEF UNITED STATES DISTRICT JUDGE**